CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

September 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **ANDREW SELLERS, on behalf of himself and others similarly situated** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 7:26cv00301** |
| **v.** | ) | |
| **CITY OF ROANOKE,** | ) | **By: Hon. Robert S. Ballou United States District Judge** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Plaintiff, Andrew Sellers, a Roanoke City firefighter, brings this putative class action alleging federal and state law claims related to payment of overtime wages. Sellers also brings an individual breach of contract claim that he is owed a Lieutenant's salary of $65,669.63. The City has filed a partial motion to dismiss under Rule 12(b)(6), which Sellers opposes.[1] Dkt. 9, 12. Because the alleged contract does not contain a promise to pay Sellers a salary of $65,669.63, as this target salary applies to a different category of employee, the partial motion to dismiss will be granted.

## I. Factual Background[2]

In 2022, the City created a "Fire EMS Department Public Safety Step-Plan," that reorganized and restructured pay scales for employees, including Sellers, and "submitted the

[1] As the partial motion to dismiss is directed to the breach of contract claim only, this memorandum opinion focuses primarily on the facts related to that claim, which Sellers brings as "an individual breach of contract claim against defendant for violating his working agreement." Compl. ¶ 9.

[2] The Court accepts as true the facts alleged in the Complaint when reviewing a motion to dismiss. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

[Pay] Plan in writing to the employees of the City" on February 6, 2023.[3] Compl. ¶¶ 29, 32, Dkt. 1. Sellers and the putative class plaintiffs are current or former City fire department employees. *Id.* ¶ 7. The Pay Plan "includes substantial information regarding the rates of pay for firefighters including how much they would be paid and when" and establishes a minimum target salary for then current Department Lieutenants of $65,669.63. *Id.* ¶ 34. Further, the Pay Plan specifically states that "[a]ll current Firefighter Lieutenants below the new established target salary will be raised to $65,669.63." *Id.* Future promotions to Lieutenant are addressed in a separate section. *Id.*

Sellers was "awarded a conditional promotion to Lieutenant" on April 24, 2023. *Id.* ¶ 35. In May 2023, the Deputy Chief emailed Sellers and putative class plaintiffs, stating "I wanted to touch base with each and let you know that we are aware of the pay not being included in the Conditional Offer of Promotions." *Id.* ¶ 39. Instead of paying Sellers $65,669.63, as Sellers contends the Pay Plan required, the City paid Sellers $57,613.50 when he became a Lieutenant. *Id.* ¶ 43, 44. Sellers met with the Fire Chief on November 13, 2025 who told him that both the legal team and human resources had reviewed the information and determined Sellers was "properly placed in accordance with the guidance document from Human Resources dated February 6, 2023." *Id.* ¶ 40. Sellers alleges that the Pay Plan constituted a contract for employment services, where the City agreed to pay Sellers a salary of $65,669.63 for working as a Lieutenant, but that the City failed to pay that salary, beginning on June 13, 2023. *Id.* ¶¶ 65-67.

---

[3] The Pay Plan is attached to the Complaint as Exhibit B, and contains the following heading:

> DATE: February 6, 2023
> TO: Roanoke Fire-EMS Department (FPD) – All Sworn Personnel
> FROM: Department of Human Resources
> SUBJECT: Fire-EMS Step Pay Plan.

Dkt. 1-2.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While generally the court's evaluation of the sufficiency of the complaint is limited to "a review of the allegations of the complaint itself," the court will also consider documents "explicitly incorporated into the complaint by reference" and documents "attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) *citing* Fed.R.Civ.P. 10(c).

## III. Analysis

The City moves to dismiss on the grounds that the salary Sellers claims he was entitled to is in fact limited to a different class of employees.[4] The plain terms of the Pay Plan state that the "minimum target salary of $65,669.63 was established for current Lieutenants only." Sellers admits in the Complaint that he did not receive a promotion to Lieutenant until April 2023 and was not paid as a Lieutenant until June 2023. Compl. ¶¶ 32, 34, 35, 38; *see also* Dkt. 1-2 at 5.

In his response, while Sellers argues that all current Lieutenants below $65,669.63 are expressly told their salaries will be raised to that amount, he does not grapple with the fact that, as alleged in the Complaint, Sellers was not a "current Lieutenant" when the Pay Plan was

[4] The City also moves to dismiss the breach of contract claim as mischaracterizing the Pay Plan, "an internal Human Resources Memorandum as an enforceable contract." Dkt. 10. This opinion does not address whether the Pay Plan is an enforceable contract because Sellers was not a Lieutenant in the Department when the Pay Plan was submitted to City employees.

circulated. Dkt. 12. The Pay Plan addresses future promotions to Firefighter Lieutenants in a separate section, providing as follows:

> **Future promotions to Firefighter Lieutenant**
> All employees who promote to the rank of Firefighter Lieutenant will round up to the closest step for that rank plus one step.
>
> **Example:** A Paramedic who is at $56,265 will advance to the closest step rounding up which is step level 7 for a Lieutenant at $57,613.50 plus one step, placing the newly promoted Lieutenant at step level 8 at $59,078.25, and eligible for Officer Paramedic Supplement.

*Compl.* ¶ 34; Dkt. 1-2 at 6. While the Complaint makes clear that Sellers was not a Lieutenant when the Pay Plan was submitted to Roanoke City employees on February 6, 2023, as he was not promoted to Lieutenant until April 2023, the Complaint does not allege Sellers' February position or salary.

In Virginia, a breach of contract claim requires proof of (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) resulting injury or harm to the plaintiff. *Filak v. George,* 594 S.E.2d 610, 614 (Va. 2004). However, the court need not determine at this point whether the Pay Plan constitutes an enforceable contract because Sellers is outside the category of employees to whom the alleged salary promise was made. Even assuming the Pay Plan constituted an enforceable contract, Sellers has not alleged the first element, a legally enforceable obligation to pay him $65,669.63, as Sellers has not alleged he was a "current Lieutenant" on the date the Pay Plan was circulated, thus meriting "the new established target salary" of $65,669.63. In fact, the Pay Plan addresses future promotions in a separate section, including providing an example salary for future promotion from Paramedic to Firefighter Lieutenant, where the "newly promoted Lieutenant"

would not earn $65,669.63. *See Compl.* ¶ 34; Dkt. 1-2 at 6.[5] Simply put, Sellers has not alleged a legally enforceable obligation by the City to pay Sellers $65,669.63 under the Pay Plan.

## IV. Conclusion

Accordingly, the City's partial motion to dismiss the Complaint is granted and the breach of contract claim is dismissed with leave to amend. An appropriate Order accompanies this opinion.

Entered: September 23, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

[5] In the example, the "newly promoted Lieutenant" would earn $59,078.25.